AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)        Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of:

**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

_____

_____

_____

(b) Criminal docket or case number (if you know): _____

2.    (a) Date of the judgment of conviction (if you know): _____

(b) Date of sentencing: _____

3.    Length of sentence: _____

4.    In this case, were you convicted on more than one count or of more than one crime?    ❏ Yes    ❏ No

5.    Identify all crimes of which you were convicted and sentenced in this case: _____

_____

_____

_____

_____

_____

6.    (a) What was your plea? (Check one)

❏   (1)    Not guilty        ❏   (3)    Nolo contendere (no contest)

❏   (2)    Guilty            ❏   (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

      ❏ Jury      ❏ Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ❏ Yes      ❏ No

8.      Did you appeal from the judgment of conviction?

      ❏ Yes      ❏ No

9.      If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?      ❏ Yes      ❏ No

      If yes, answer the following:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐   Yes     ☐   No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ☐   Yes     ☐   No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes     ☐   No

(7) Result: _____

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes     ❐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ❐ Yes     ❐ No

(2) Second petition:    ❐ Yes     ❐ No

(3) Third petition:     ❐ Yes     ❐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)　　**Direct Appeal of Ground One:**

　　　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　❑　Yes　　❑　No

　　　　(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d) **Post-Conviction Proceedings:**

　　　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　　　❑　Yes　　❑　No

　　　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　　Type of motion or petition: _____

　　　　Name and location of the court where the motion or petition was filed:

_____

　　　　Docket or case number (if you know): _____

　　　　Date of the court's decision: _____

　　　　Result (attach a copy of the court's opinion or order, if available):

_____

_____

　　　　(3) Did you receive a hearing on your motion or petition?　　　　❑　Yes　　❑　No

　　　　(4) Did you appeal from the denial of your motion or petition?　　　❑　Yes　　❑　No

　　　　(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　❑　Yes　　❑　No

　　　　(6) If your answer to Question (d)(4) is "Yes," state:

　　　　Name and location of the court where the appeal was filed:

_____

　　　　Docket or case number (if you know): _____

　　　　Date of the court's decision: _____

　　　　Result (attach a copy of the court's opinion or order, if available):

_____

_____

　　　　(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?     ❏   Yes     ❏   No

        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

        _____

        _____

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❏   Yes     ❏   No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of the court where the motion or petition was filed: _____

        _____

        _____

        Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ❐  Yes      ❐  No

(4) Did you appeal from the denial of your motion or petition?     ❐  Yes      ❐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐  Yes      ❐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❒  Yes      ❒  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒  Yes      ❒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ❒  Yes      ❒  No

(4) Did you appeal from the denial of your motion or petition?     ❒  Yes      ❒  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❒  Yes      ❒  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❐  Yes     ❐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐  Yes     ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?            ❏   Yes       ❏   No

(4) Did you appeal from the denial of your motion or petition?       ❏   Yes       ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes   ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ❐  Yes    ❐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ❐  Yes    ❐  No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ❐  Yes    ❐  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

        judgment you are challenging:

        (a) At preliminary hearing: _____

        _____

        (b) At arraignment and plea: _____

        _____

        (c) At trial: _____

        _____

        (d) At sentencing: _____

        _____

        (e) On appeal: _____

        _____

        (f) In any post-conviction proceeding: _____

        _____

        (g) On appeal from any ruling against you in a post-conviction proceeding: _____

        _____

        _____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?            ❑   Yes      ❑   No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

        _____

        _____

        (b) Give the date the other sentence was imposed: _____

        (c) Give the length of the other sentence: _____

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?                 ❑   Yes      ❑   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        _____

        _____

        _____

        _____

        _____

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)        The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

## <u>ADDITIONAL GROUNDS</u>

V.   **ZILM RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS; AND ARTICLE II, SECTIONS 7 AND 20 OF THE OKLAHOMA CONSTITUTION.**

This claim was raised on direct appeal, and is thus exhausted.

VI.  **THE ACCUMULATION OF ERRORS AT TRIAL RESULTED IN A FUNDAMENTALLY UNFAIR ADJUDICATORY PROCEEDING IN VIOLATION OF THE RIGHTS OF ZILM UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

This claim was raised on direct appeal, and is thus exhausted.



$\boxed{\textbf{ORIGINAL}}$

**IN THE COURT OF CRIMINAL APPEALS OF**
**THE STATE OF OKLAHOMA**

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

SEP – 6 2018

JOHN D. HADDEN
CLERK

| | |
|---|---|
| ADAM CLAYTON ZILM, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| THE STATE OF OKLAHOMA, | ) |
| | ) |
| Appellee. | ) |

**NOT FOR PUBLICATION**

**Case No. F-2017-69**

## SUMMARY OPINION

**ROWLAND, JUDGE:**

Appellant Adam Clayton Zilm appeals his Judgment and Sentence from the District Court of Tulsa County, Case No. CF-2012-3037, for Sexual Abuse of a Child Under 12, in violation of 21 O.S.2011, § 843.5. The Honorable Kurt G. Glassco, District Judge, presided over Zilm's jury trial and sentenced him to thirty-six years imprisonment and a $500.00 fine in accordance with the jury's verdict.[1] Zilm appeals his Judgment and Sentence, raising the following issues:

---

[1] Under 21 O.S.2011, § 13.1 Zilm must serve 85% of the sentence imposed before he is eligible for parole.

(1)   whether he was denied due process when the State coerced the child victim to testify falsely at the first preliminary hearing;

(2)   whether prosecutorial misconduct deprived him of a fair trial;

(3)   whether multiple erroneous evidentiary rulings prejudiced him resulting in a fundamentally unfair trial;

(4)   whether the trial court erred in refusing to suppress his statement made to the police;

(5)   whether he received ineffective assistance of counsel; and

(6)   whether an accumulation of error deprived him of a fair trial.

We find relief is not required and affirm the Judgment and Sentence of the district court.

## 1.

Zilm complains on appeal that the State coerced and elicited from the child victim inculpatory testimony at the first preliminary hearing known to be false and, when she could not be pressured into denying the truth of her recantation, used the child victim's false preliminary hearing testimony to impeach her trial testimony. This, he asserts, violated the basic constitutional guarantee of

fundamental fairness and due process under the Fourteenth Amendment.

If it is true that the State sponsored testimony at the preliminary hearing known to be false and then impeached the child victim's trial testimony with the false evidence at trial, this conduct would indeed violate Zilm's right to a fair trial. *See Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) (finding due process violation where state failed to correct known false testimony). *See also Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Omalza v. State*, 1995 OK CR 80, ¶ 77, 911 P.2d 286, 307; *Hall v. State*, 1982 OK CR 141, ¶ 16, 650 P.2d 893, 896-97. The State has a duty to disclose false testimony which goes either to the merits of the case or the credibility of the witness. *Hall*, 1982 OK CR 141, ¶ 16, 650 P.2d at 897. The burden is on the defendant to show that (a) testimony was false or misleading, (b) the prosecution knowingly used it, and (c) its admission of false testimony was material to guilt or innocence. *Omalza*, 1995 OK CR 80, ¶ 77, 911 P.2d at 307. The fact that a witness's testimony is impeached does not by itself establish the

3

State knowingly used false testimony. *Id.*, 1995 OK CR 80, ¶ 78, 911 P.2d at 307. Mere inconsistencies or conflicts between witnesses' testimony will not support a claim that prosecutors used perjury to obtain a conviction. *Taylor v. State*, 1976 OK CR 255, ¶ 22, 555 P.2d 1073, 1078.

To obtain relief for the State's use of false evidence at trial it is a logical prerequisite that an appellant first show that the testimony complained of was actually false. Zilm fails to meet his burden of showing that the State knowingly used or failed to correct false evidence material to guilt or innocence in this prosecution. Zilm was not denied his due process right to a fair trial.

## 2.

Zilm complains prosecutorial misconduct deprived him of his right to a fair trial. Defense counsel objected to most of the comments at issue thus preserving alleged error for review on appeal. Comments not met with contemporaneous objection at trial are reviewed for plain error only. *Harney v. State*, 2011 OK CR 10, ¶ 23, 256 P.3d 1002, 1007. "On claims of prosecutorial misconduct, relief will be granted only where the prosecutor committed

misconduct that so infected the defendant's trial that it was rendered fundamentally unfair, such that the jury's verdicts should not be relied upon." *Sanders v. State*, 2015 OK CR 11, ¶ 21, 358 P.3d 280, 286. In making that determination, we evaluate the prosecutor's comments within the context of the entire trial, considering the propriety of the prosecutor's actions, the strength of the evidence against the defendant, and the corresponding arguments of defense counsel. *Mitchell v. State*, 2010 OK CR 14, ¶ 97, 235 P.3d 640, 661; *Cuesta–Rodriguez v. State*, 2010 OK CR 23, ¶ 96, 241 P.3d 214, 243. We will grant relief only where grossly improper and unwarranted argument affected a defendant's rights. *Sanchez v. State*, 2009 OK CR 31, ¶ 71, 223 P.2d 980, 1004.

Zilm first complains that the prosecutor improperly threatened to bring perjury charges and reopen the juvenile case if the defense called the victim's older sister to testify at trial. He asserts that this had a chilling effect on his right to present a defense. The comments at issue were not threats, veiled or otherwise, to prosecute the witness for perjury or to reopen the juvenile case. There was no error here.

5

Zilm also complains that during closing argument the prosecutor accused defense counsel of coaching the child victim to record a conversation she had with a DHS case worker. Defense counsel objected arguing that the comment impugned his character. While the prosecutor's argument was speculative, it did not impugn defense counsel's character.

Next, Zilm complains that the prosecutor improperly commented on his exercise of his right to trial. During closing argument the prosecutor stated, "It's wrong that you [Zilm] violated a little girl and then put her through the next four years to get to this day." Defense counsel objected to this comment and asked for a mistrial. The trial court denied the request for mistrial but sustained the objection and admonished the jury to disregard the improper comment. "[T]his Court has repeatedly held that an admonishment cures the error from improper testimony or an improper comment at trial, unless the improper testimony or comment was such that it appears to have 'determined' the result of the defendant's trial." *Harmon v. State*, 2011 OK CR 6, ¶ 39, 248 P.3d 918, 935, quoting *Parker v. State*, 2009 OK CR 23, ¶ 26, 216

6

P.3d 841, 849. A defendant's decision to exercise his constitutionally protected right to a jury trial is a factor which cannot be used against him at trial to influence the jury in their determinations regarding guilt or sentencing. *Barnes v. State*, 2017 OK CR 26, ¶ 10, 408 P.3d 209, 214. While the comment at issue was not a direct comment on Zilm's exercise of his right to trial, it was implied and to this extent, it was improper. The error, however, was cured by the trial court's admonishment and relief is not required.

Finally, Zilm complains that he was prejudiced when the prosecutor engaged in "inflammatory courtroom histrionics." Defense counsel objected and asked that the jury be admonished or that a mistrial be granted. The trial court denied the motion for mistrial and admonished the prosecutor. Again, we will only grant relief on a claim of prosecutorial misconduct where it was grossly improper and affected the defendant's rights. *See Sanchez*, 2009 OK CR 31, ¶ 71, 223 P.2d at 1004. Relief is not warranted here.

**3.**

Zilm argues that the trial court erred in admitting the hearsay statements the child victim made to her neighbor and to the SANE nurse, as well as the child victim's testimony from the first preliminary hearing. Defense counsel objected to the introduction of this evidence preserving the error for review on appeal. *See Pullen v. State*, 2016 OK CR 18, ¶ 10, 387 P.3d 922, 927. We review the trial court's ruling on the admissibility of evidence for an abuse of discretion. *Id.*

The trial court held a reliability hearing regarding the admissibility of statements made by a child under thirteen years of age as is required by 12 O.S.2011, § 2803.1. The trial court held that the child victim's hearsay statements made to her neighbor lacked sufficient indicia of reliability under section 2803.1 and should be suppressed. The State appealed this pretrial ruling to this Court. This Court found in an unpublished opinion, that the trial court did not abuse its discretion in suppressing the hearsay statements made to the neighbor. *State v. Zilm*, S-2014-812 (Okl.Cr. August 6, 2015).

8

At trial, the neighbor testified about the hearsay statements the child victim made to her. Defense counsel objected noting that the statements had been judicially found to be unreliable. The State argued that the statements were admissible under the excited utterance exception to the hearsay rule and the trial court allowed their introduction under 12 O.S.2011, § 2803(2). Zilm argues on appeal that the trial court's ruling was error.

The statements at issue provide a text book example of excited utterances. *See Martinez v. State*, 2016 OK CR 3, ¶ 50, 371 P.3d 1100, 1113 ("An excited utterance must meet three foundational requirements: (1) a startling event or condition; (2) a statement relating to that startling event or condition; (3) made while the declarant is under the stress of excitement caused by the startling event or condition."). Although the trial court found at the reliability hearing that the statements lacked sufficient indicia of reliability for admissibility under section 2803.1, that ruling is not inconsistent with the court's ruling at trial that the statements were admissible as excited utterances under section 2803(2). This is an instance where the statements, although inadmissible under one exception

9

to the hearsay rule, were admissible under a different exception. The trial court did not abuse its discretion in allowing the admission of the child victim's hearsay statements made to the neighbor under the excited utterance exception to the hearsay rule.

Zilm also argues that the trial court erred in allowing the State to introduce the hearsay statement the child victim made to the SANE nurse during the exam. This statement, made the same morning as the sexual assault, was made for purposes of receiving medical diagnosis and treatment and was admissible under 12 O.S.2011, § 2803(4). *See Kennedy v. State*, 1992 OK CR 67, ¶¶ 10-12, 839 P.2d 667, 670 (statements made by sexual abuse victim during the course of an interview with a doctor for the purpose of diagnosis and treatment were properly admitted under 2803(4)). The trial court did not abuse its discretion in allowing the admission of the child victim's hearsay statement made to the SANE nurse.

Finally, Zilm argues the trial court erred in allowing the State, over defense objection, to impeach the child victim's trial testimony with her sworn testimony from the first preliminary hearing

10

because her testimony at this earlier proceeding was unreliable. As the State points out, any party may impeach its own witness. 12 O.S.2011, § 2607. This Court has held, however, that:

> [T]he State must follow the law regarding impeachment evidence. A witness subject to cross-examination must testify and be given a chance to explain or deny any discrepancy between that testimony and previous statements before evidence of the previous statement is admissible. At that point the witness may be impeached with the specific inconsistent portions of her statement.

*Stiles v. State*, 1999 OK CR 19, ¶ 6, 989 P.2d 955, 958. *See also* 12 O.S.2011, § 2613 (a party may impeach a witness with prior inconsistent statements).

The State called the child victim to testify and she was a hostile witness. She testified inconsistently with her testimony from the first preliminary hearing and the State impeached her trial testimony with her testimony from the first preliminary hearing. Prior to the admission of this evidence, the trial court instructed the jury, both during trial and again in written instructions, that the inconsistent prior testimony could only be used for impeachment purposes and was not evidence of proof of guilt or innocence. The child victim was afforded the opportunity through direct and cross

11

examination to explain her inconsistent prior testimony. The trial court did not abuse its discretion in allowing the State to impeach her trial testimony with her prior inconsistent testimony. This proposition does not warrant relief.

**4.**

The morning the sexual assault was reported, Tulsa police detectives interviewed Zilm at his parents' house and the interview was audio recorded. Zilm subsequently filed a motion to suppress his statement arguing that it was inadmissible because the statement was made during a custodial interrogation and the detectives did not advise him of his rights pursuant to *Miranda v. Arizona*.[2] Prior to trial the court held a *Jackson v. Denno*[3] hearing to address the admissibility of Zilm's statement. The trial court denied Zilm's motion to suppress and Zilm argues on appeal that this ruling was error. We review the trial court's ruling on a motion to suppress for an abuse of discretion. *See Bramlett v. State*, 2018 OK CR 19, ¶ 10, 422 P.3d 788, 793, citing *State v. Pope*, 2009 OK CR 9, ¶ 4, 204 P.3d 1285, 1287. We defer to the trial court's

---

[2] 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

findings of fact unless they are clearly erroneous and we review the trial court's legal conclusions derived from those facts *de novo*. *Bramlett*, 2018 OK CR 19, ¶ 10, 422 P.3d at 793, citing *Gomez v. State*, 2007 OK CR 33, ¶ 5, 168 P.3d 1139, 1141-42.

It is well established that "police officers are not required to administer Miranda warnings to everyone whom they question." *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977). Rather, Miranda warnings are only required when a person is subject to a custodial interrogation which occurs where questioning is initiated by law enforcement officers after a person has been taken into custody or is otherwise deprived of his freedom in any significant way. *Miranda*, 384 U.S. at 467, 86 S.Ct. at 1624. *See also Little v. State*, 1981 OK CR 46, ¶ 4, 627 P.2d 445, 447. A person is in custody for purposes of *Miranda* when there is "a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 1529, 128 L.Ed.2d 293 (1994) (*per curiam*), quoting *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983) (*per curiam*). The relevant

inquiry as to whether a suspect is in custody is how a reasonable person in the suspect's position would have understood the situation. *Berkemer v. McCarty*, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984). If a reasonable person facing the same factual circumstances would have felt he or she was not at liberty to terminate the interrogation and leave, the person is in custody for Miranda purposes. *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S.Ct. 457, 465, 133 L.Ed.2d 383 (1995). The record strongly supports the conclusion that Zilm was not in custody at the time he made his statement to the detectives and that his statement was the product of a free and deliberate choice. The trial court's decision denying Zilm's motion to suppress was not an abuse of discretion.

Zilm also argues on appeal that his statement was not knowingly and voluntarily made because he asked the detectives if he needed a lawyer and was told that he did not. This was not argued below. Zilm neither raised it in his motion to suppress nor argued it at the *Jackson v. Denno* hearing. Zilm has therefore waived consideration of this issue except as it may constitute plain

14

error. *Cheatham v. State*, 1995 OK CR 32, ¶ 48, 900 P.2d 414, 427.

To be entitled to relief for plain error, Zilm must prove that an error

occurred, that the error is plain and obvious, and that the error

affected his substantial rights. *See Hogan v. State*, 2006 OK CR 19,

¶ 38, 139 P.3d 907, 923. He has not made this showing.

**5.**

Zilm contends that he was denied constitutionally effective

assistance of counsel. This Court reviews claims of ineffective

assistance of counsel *de novo*, to determine whether counsel's

constitutionally deficient performance, if any, prejudiced the

defense so as to deprive the defendant of a fair trial with reliable

results. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct.

2052, 2064, 80 L.Ed.2d 674 (1984); *Malone v. State*, 2013 OK CR 1,

¶ 14, 293 P.3d 198, 206. Under this test, Zilm must affirmatively

prove prejudice resulting from his attorney's actions. *Strickland*,

466 U.S. at 693, 104 S.Ct. at 2067; *Head v. State*, 2006 OK CR 44,

¶ 23, 146 P.3d 1141, 1148. "To accomplish this, it is not enough to

show the failure had some conceivable effect on the outcome of the

proceeding." *Id*. Rather, Zilm must show that there is a reasonable

15

probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This Court need not determine whether counsel's performance was deficient if the claim can be disposed of on the ground of lack of prejudice. *See Malone,* 2013 OK CR 1, ¶ 16, 293 P.3d at 207.

Zilm argues that after the prosecutor made veiled threats to file perjury charges against a proffered defense witness defense counsel should have made a record of the other witnesses the defense intended to call but decided not to because of the prosecutor's threats. Zilm has failed to show either that counsel's performance was deficient or that this alleged deficient performance affected the outcome of his case. Without such proof, his ineffective assistance of counsel claim is denied.

In conjunction with this claim, Zilm filed a motion to supplement the record and application for evidentiary hearing on claim of ineffective assistance of counsel contemporaneously with his brief attaching supporting affidavits. This Court will order an

16

evidentiary hearing if "the application and affidavits . . . contain sufficient information to show this Court by clear and convincing evidence [that] there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence." Rule 3.11(B)(3)(b)(i), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). Having reviewed Zilm's request for an evidentiary hearing to develop his claims and the materials offered to support that request, this Court finds that he has failed to meet his burden as he has not shown a strong possibility that the outcome of his trial would have been different. Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2018). Zilm is not entitled to an evidentiary hearing to further develop his ineffective assistance of counsel allegations, and his motion, as well as this claim, is denied. *See Simpson v. State,* 2010 OK CR 6, ¶ 53, 230 P.3d 888, 905-06.

**6.**

Zilm claims that even if no individual error in his case merits reversal, the cumulative effect of the errors committed requires a new trial or sentence modification. The cumulative error doctrine

17

applies when several errors occurred at the trial court level, but none alone warrants reversal. Although each error standing alone may be of insufficient gravity to warrant reversal, the combined effect of an accumulation of errors may require a new trial. *Martinez v. State,* 2016 OK CR 3, ¶ 85, 371 P.3d 1100, 1119. Cumulative error does not deprive the defendant of a fair trial when the errors considered together do not affect the outcome of the proceeding. *Baird v. State,* 2017 OK CR 16, ¶ 42, 400 P.3d 875, 886. And clearly, a cumulative error claim is baseless when this Court fails to sustain any of the alleged errors raised on appeal. *Id.* There were no errors, either individually or when considered together, that deprived Zilm of a fair trial.  This claim is denied.

## DECISION

The Judgment and Sentence of the district court is **AFFIRMED**. Motion to Supplement the Record on Appeal and for Evidentiary Hearing is **DENIED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2018), the **MANDATE** is **ORDERED** issued upon delivery and filing of this decision.

**AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE KURT G. GLASSCO, DISTRICT JUDGE**

**APPEARANCES AT TRIAL**

ALLEN M. SMALLWOOD
ATTORNEY AT LAW
1310 S. DENVER AVE.
TULSA, OK 74119
COUNSEL FOR DEFENDANT

SARAH McAMIS
ASSISTANT DISTRICT ATTORNEY
500 S. DENVER AVE., #900
TULSA, OK 74103
COUNSEL FOR STATE

**APPEARANCES ON APPEAL**

JAMES L. HANKINS
929 N.W. 164TH STREET
EDMOND, OK 73013
COUNSEL FOR APPELLANT

MIKE HUNTER
OKLAHOMA ATTORNEY
GENERAL
DONALD D. SELF
ASSISTANT ATTORNEY
GENERAL
313 N.E. 21ST STREET
OKLAHOMA CITY, OK 73105
COUNSEL FOR APPELLEE

**OPINION BY: ROWLAND, J.**
LUMPKIN, P.J.: Concur
LEWIS, V.P.J.:  Concur
HUDSON, J.:   Concur
KUEHN, J.:     Concur