ORIGINAL



IN THE COURT OF CRIMINAL APPEALS OF
THE STATE OF OKLAHOMA

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

SEP - 6 2018

JOHN D. HADDEN
CLERK

| | | |
|---|---|---|
| ADAM CLAYTON ZILM, | ) | |
| | ) | |
| Appellant, | ) | NOT FOR PUBLICATION |
| | ) | |
| v. | ) | Case No. F-2017-69 |
| | ) | |
| THE STATE OF OKLAHOMA, | ) | |
| | ) | |
| Appellee. | ) | |

## SUMMARY OPINION

**ROWLAND, JUDGE:**

Appellant Adam Clayton Zilm appeals his Judgment and Sentence from the District Court of Tulsa County, Case No. CF-2012-3037, for Sexual Abuse of a Child Under 12, in violation of 21 O.S.2011, § 843.5. The Honorable Kurt G. Glassco, District Judge, presided over Zilm's jury trial and sentenced him to thirty-six years imprisonment and a $500.00 fine in accordance with the jury's verdict.[1] Zilm appeals his Judgment and Sentence, raising the following issues:

---

[1] Under 21 O.S.2011, § 13.1 Zilm must serve 85% of the sentence imposed before he is eligible for parole.

(1) whether he was denied due process when the State coerced the child victim to testify falsely at the first preliminary hearing;

(2) whether prosecutorial misconduct deprived him of a fair trial;

(3) whether multiple erroneous evidentiary rulings prejudiced him resulting in a fundamentally unfair trial;

(4) whether the trial court erred in refusing to suppress his statement made to the police;

(5) whether he received ineffective assistance of counsel; and

(6) whether an accumulation of error deprived him of a fair trial.

We find relief is not required and affirm the Judgment and Sentence of the district court.

## 1.

Zilm complains on appeal that the State coerced and elicited from the child victim inculpatory testimony at the first preliminary hearing known to be false and, when she could not be pressured into denying the truth of her recantation, used the child victim's false preliminary hearing testimony to impeach her trial testimony. This, he asserts, violated the basic constitutional guarantee of

fundamental fairness and due process under the Fourteenth Amendment.

If it is true that the State sponsored testimony at the preliminary hearing known to be false and then impeached the child victim's trial testimony with the false evidence at trial, this conduct would indeed violate Zilm's right to a fair trial. *See Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) (finding due process violation where state failed to correct known false testimony). *See also Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Omalza v. State*, 1995 OK CR 80, ¶ 77, 911 P.2d 286, 307; *Hall v. State*, 1982 OK CR 141, ¶ 16, 650 P.2d 893, 896-97. The State has a duty to disclose false testimony which goes either to the merits of the case or the credibility of the witness. *Hall*, 1982 OK CR 141, ¶ 16, 650 P.2d at 897. The burden is on the defendant to show that (a) testimony was false or misleading, (b) the prosecution knowingly used it, and (c) its admission of false testimony was material to guilt or innocence. *Omalza*, 1995 OK CR 80, ¶ 77, 911 P.2d at 307. The fact that a witness's testimony is impeached does not by itself establish the

State knowingly used false testimony. *Id.*, 1995 OK CR 80, ¶ 78, 911 P.2d at 307. Mere inconsistencies or conflicts between witnesses' testimony will not support a claim that prosecutors used perjury to obtain a conviction. *Taylor v. State*, 1976 OK CR 255, ¶ 22, 555 P.2d 1073, 1078.

To obtain relief for the State's use of false evidence at trial it is a logical prerequisite that an appellant first show that the testimony complained of was actually false. Zilm fails to meet his burden of showing that the State knowingly used or failed to correct false evidence material to guilt or innocence in this prosecution. Zilm was not denied his due process right to a fair trial.

**2.**

Zilm complains prosecutorial misconduct deprived him of his right to a fair trial. Defense counsel objected to most of the comments at issue thus preserving alleged error for review on appeal. Comments not met with contemporaneous objection at trial are reviewed for plain error only. *Harney v. State*, 2011 OK CR 10, ¶ 23, 256 P.3d 1002, 1007. "On claims of prosecutorial misconduct, relief will be granted only where the prosecutor committed

misconduct that so infected the defendant's trial that it was rendered fundamentally unfair, such that the jury's verdicts should not be relied upon." *Sanders v. State*, 2015 OK CR 11, ¶ 21, 358 P.3d 280, 286. In making that determination, we evaluate the prosecutor's comments within the context of the entire trial, considering the propriety of the prosecutor's actions, the strength of the evidence against the defendant, and the corresponding arguments of defense counsel. *Mitchell v. State*, 2010 OK CR 14, ¶ 97, 235 P.3d 640, 661; *Cuesta-Rodriguez v. State*, 2010 OK CR 23, ¶ 96, 241 P.3d 214, 243. We will grant relief only where grossly improper and unwarranted argument affected a defendant's rights. *Sanchez v. State*, 2009 OK CR 31, ¶ 71, 223 P.2d 980, 1004.

Zilm first complains that the prosecutor improperly threatened to bring perjury charges and reopen the juvenile case if the defense called the victim's older sister to testify at trial. He asserts that this had a chilling effect on his right to present a defense. The comments at issue were not threats, veiled or otherwise, to prosecute the witness for perjury or to reopen the juvenile case. There was no error here.

5

Zilm also complains that during closing argument the prosecutor accused defense counsel of coaching the child victim to record a conversation she had with a DHS case worker. Defense counsel objected arguing that the comment impugned his character. While the prosecutor's argument was speculative, it did not impugn defense counsel's character.

Next, Zilm complains that the prosecutor improperly commented on his exercise of his right to trial. During closing argument the prosecutor stated, "It's wrong that you [Zilm] violated a little girl and then put her through the next four years to get to this day." Defense counsel objected to this comment and asked for a mistrial. The trial court denied the request for mistrial but sustained the objection and admonished the jury to disregard the improper comment. "[T]his Court has repeatedly held that an admonishment cures the error from improper testimony or an improper comment at trial, unless the improper testimony or comment was such that it appears to have 'determined' the result of the defendant's trial." *Harmon v. State*, 2011 OK CR 6, ¶ 39, 248 P.3d 918, 935, quoting *Parker v. State*, 2009 OK CR 23, ¶ 26, 216

P.3d 841, 849. A defendant's decision to exercise his constitutionally protected right to a jury trial is a factor which cannot be used against him at trial to influence the jury in their determinations regarding guilt or sentencing. *Barnes v. State*, 2017 OK CR 26, ¶ 10, 408 P.3d 209, 214. While the comment at issue was not a direct comment on Zilm's exercise of his right to trial, it was implied and to this extent, it was improper. The error, however, was cured by the trial court's admonishment and relief is not required.

Finally, Zilm complains that he was prejudiced when the prosecutor engaged in "inflammatory courtroom histrionics." Defense counsel objected and asked that the jury be admonished or that a mistrial be granted. The trial court denied the motion for mistrial and admonished the prosecutor. Again, we will only grant relief on a claim of prosecutorial misconduct where it was grossly improper and affected the defendant's rights. *See Sanchez*, 2009 OK CR 31, ¶ 71, 223 P.2d at 1004. Relief is not warranted here.

**3.**

Zilm argues that the trial court erred in admitting the hearsay statements the child victim made to her neighbor and to the SANE nurse, as well as the child victim's testimony from the first preliminary hearing. Defense counsel objected to the introduction of this evidence preserving the error for review on appeal. *See Pullen v. State*, 2016 OK CR 18, ¶ 10, 387 P.3d 922, 927. We review the trial court's ruling on the admissibility of evidence for an abuse of discretion. *Id.*

The trial court held a reliability hearing regarding the admissibility of statements made by a child under thirteen years of age as is required by 12 O.S.2011, § 2803.1. The trial court held that the child victim's hearsay statements made to her neighbor lacked sufficient indicia of reliability under section 2803.1 and should be suppressed. The State appealed this pretrial ruling to this Court. This Court found in an unpublished opinion, that the trial court did not abuse its discretion in suppressing the hearsay statements made to the neighbor. *State v. Zilm*, S-2014-812 (Okl.Cr. August 6, 2015).

At trial, the neighbor testified about the hearsay statements the child victim made to her. Defense counsel objected noting that the statements had been judicially found to be unreliable. The State argued that the statements were admissible under the excited utterance exception to the hearsay rule and the trial court allowed their introduction under 12 O.S.2011, § 2803(2). Zilm argues on appeal that the trial court's ruling was error.

The statements at issue provide a text book example of excited utterances. *See Martinez v. State*, 2016 OK CR 3, ¶ 50, 371 P.3d 1100, 1113 ("An excited utterance must meet three foundational requirements: (1) a startling event or condition; (2) a statement relating to that startling event or condition; (3) made while the declarant is under the stress of excitement caused by the startling event or condition."). Although the trial court found at the reliability hearing that the statements lacked sufficient indicia of reliability for admissibility under section 2803.1, that ruling is not inconsistent with the court's ruling at trial that the statements were admissible as excited utterances under section 2803(2). This is an instance where the statements, although inadmissible under one exception

to the hearsay rule, were admissible under a different exception. The trial court did not abuse its discretion in allowing the admission of the child victim's hearsay statements made to the neighbor under the excited utterance exception to the hearsay rule.

Zilm also argues that the trial court erred in allowing the State to introduce the hearsay statement the child victim made to the SANE nurse during the exam. This statement, made the same morning as the sexual assault, was made for purposes of receiving medical diagnosis and treatment and was admissible under 12 O.S.2011, § 2803(4). *See Kennedy v. State*, 1992 OK CR 67, ¶¶ 10-12, 839 P.2d 667, 670 (statements made by sexual abuse victim during the course of an interview with a doctor for the purpose of diagnosis and treatment were properly admitted under 2803(4)). The trial court did not abuse its discretion in allowing the admission of the child victim's hearsay statement made to the SANE nurse.

Finally, Zilm argues the trial court erred in allowing the State, over defense objection, to impeach the child victim's trial testimony with her sworn testimony from the first preliminary hearing

because her testimony at this earlier proceeding was unreliable. As the State points out, any party may impeach its own witness. 12 O.S.2011, § 2607. This Court has held, however, that:

> [T]he State must follow the law regarding impeachment evidence. A witness subject to cross-examination must testify and be given a chance to explain or deny any discrepancy between that testimony and previous statements before evidence of the previous statement is admissible. At that point the witness may be impeached with the specific inconsistent portions of her statement.

*Stiles v. State*, 1999 OK CR 19, ¶ 6, 989 P.2d 955, 958. *See also* 12 O.S.2011, § 2613 (a party may impeach a witness with prior inconsistent statements).

The State called the child victim to testify and she was a hostile witness. She testified inconsistently with her testimony from the first preliminary hearing and the State impeached her trial testimony with her testimony from the first preliminary hearing. Prior to the admission of this evidence, the trial court instructed the jury, both during trial and again in written instructions, that the inconsistent prior testimony could only be used for impeachment purposes and was not evidence of proof of guilt or innocence. The child victim was afforded the opportunity through direct and cross

11

examination to explain her inconsistent prior testimony. The trial court did not abuse its discretion in allowing the State to impeach her trial testimony with her prior inconsistent testimony. This proposition does not warrant relief.

### 4.

The morning the sexual assault was reported, Tulsa police detectives interviewed Zilm at his parents' house and the interview was audio recorded. Zilm subsequently filed a motion to suppress his statement arguing that it was inadmissible because the statement was made during a custodial interrogation and the detectives did not advise him of his rights pursuant to *Miranda v. Arizona*.[2] Prior to trial the court held a *Jackson v. Denno*[3] hearing to address the admissibility of Zilm's statement. The trial court denied Zilm's motion to suppress and Zilm argues on appeal that this ruling was error. We review the trial court's ruling on a motion to suppress for an abuse of discretion. *See Bramlett v. State*, 2018 OK CR 19, ¶ 10, 422 P.3d 788, 793, citing *State v. Pope*, 2009 OK CR 9, ¶ 4, 204 P.3d 1285, 1287. We defer to the trial court's

---

[2] 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

findings of fact unless they are clearly erroneous and we review the trial court's legal conclusions derived from those facts *de novo*. *Bramlett*, 2018 OK CR 19, ¶ 10, 422 P.3d at 793, citing *Gomez v. State*, 2007 OK CR 33, ¶ 5, 168 P.3d 1139, 1141-42.

It is well established that "police officers are not required to administer Miranda warnings to everyone whom they question." *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977). Rather, Miranda warnings are only required when a person is subject to a custodial interrogation which occurs where questioning is initiated by law enforcement officers after a person has been taken into custody or is otherwise deprived of his freedom in any significant way. *Miranda*, 384 U.S. at 467, 86 S.Ct. at 1624. *See also Little v. State*, 1981 OK CR 46, ¶ 4, 627 P.2d 445, 447. A person is in custody for purposes of *Miranda* when there is "a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 1529, 128 L.Ed.2d 293 (1994) (*per curiam*), quoting *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983) (*per curiam*). The relevant

inquiry as to whether a suspect is in custody is how a reasonable person in the suspect's position would have understood the situation. *Berkemer v. McCarty*, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984). If a reasonable person facing the same factual circumstances would have felt he or she was not at liberty to terminate the interrogation and leave, the person is in custody for Miranda purposes. *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S.Ct. 457, 465, 133 L.Ed.2d 383 (1995). The record strongly supports the conclusion that Zilm was not in custody at the time he made his statement to the detectives and that his statement was the product of a free and deliberate choice. The trial court's decision denying Zilm's motion to suppress was not an abuse of discretion.

Zilm also argues on appeal that his statement was not knowingly and voluntarily made because he asked the detectives if he needed a lawyer and was told that he did not. This was not argued below. Zilm neither raised it in his motion to suppress nor argued it at the *Jackson v. Denno* hearing. Zilm has therefore waived consideration of this issue except as it may constitute plain

error. *Cheatham v. State*, 1995 OK CR 32, ¶ 48, 900 P.2d 414, 427. To be entitled to relief for plain error, Zilm must prove that an error occurred, that the error is plain and obvious, and that the error affected his substantial rights. *See Hogan v. State*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. He has not made this showing.

### 5.

Zilm contends that he was denied constitutionally effective assistance of counsel. This Court reviews claims of ineffective assistance of counsel *de novo*, to determine whether counsel's constitutionally deficient performance, if any, prejudiced the defense so as to deprive the defendant of a fair trial with reliable results. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Malone v. State*, 2013 OK CR 1, ¶ 14, 293 P.3d 198, 206. Under this test, Zilm must affirmatively prove prejudice resulting from his attorney's actions. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Head v. State*, 2006 OK CR 44, ¶ 23, 146 P.3d 1141, 1148. "To accomplish this, it is not enough to show the failure had some conceivable effect on the outcome of the proceeding." *Id.* Rather, Zilm must show that there is a reasonable

probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This Court need not determine whether counsel's performance was deficient if the claim can be disposed of on the ground of lack of prejudice. *See Malone*, 2013 OK CR 1, ¶ 16, 293 P.3d at 207.

Zilm argues that after the prosecutor made veiled threats to file perjury charges against a proffered defense witness defense counsel should have made a record of the other witnesses the defense intended to call but decided not to because of the prosecutor's threats. Zilm has failed to show either that counsel's performance was deficient or that this alleged deficient performance affected the outcome of his case. Without such proof, his ineffective assistance of counsel claim is denied.

In conjunction with this claim, Zilm filed a motion to supplement the record and application for evidentiary hearing on claim of ineffective assistance of counsel contemporaneously with his brief attaching supporting affidavits. This Court will order an

evidentiary hearing if "the application and affidavits . . . contain sufficient information to show this Court by clear and convincing evidence [that] there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence." Rule 3.11(B)(3)(b)(i), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). Having reviewed Zilm's request for an evidentiary hearing to develop his claims and the materials offered to support that request, this Court finds that he has failed to meet his burden as he has not shown a strong possibility that the outcome of his trial would have been different. Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). Zilm is not entitled to an evidentiary hearing to further develop his ineffective assistance of counsel allegations, and his motion, as well as this claim, is denied. *See Simpson v. State*, 2010 OK CR 6, ¶ 53, 230 P.3d 888, 905-06.

### 6.

Zilm claims that even if no individual error in his case merits reversal, the cumulative effect of the errors committed requires a new trial or sentence modification. The cumulative error doctrine

applies when several errors occurred at the trial court level, but none alone warrants reversal. Although each error standing alone may be of insufficient gravity to warrant reversal, the combined effect of an accumulation of errors may require a new trial. *Martinez v. State,* 2016 OK CR 3, ¶ 85, 371 P.3d 1100, 1119. Cumulative error does not deprive the defendant of a fair trial when the errors considered together do not affect the outcome of the proceeding. *Baird v. State,* 2017 OK CR 16, ¶ 42, 400 P.3d 875, 886. And clearly, a cumulative error claim is baseless when this Court fails to sustain any of the alleged errors raised on appeal. *Id.* There were no errors, either individually or when considered together, that deprived Zilm of a fair trial. This claim is denied.

## DECISION

The Judgment and Sentence of the district court is **AFFIRMED**. Motion to Supplement the Record on Appeal and for Evidentiary Hearing is **DENIED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2018), the **MANDATE** is **ORDERED** issued upon delivery and filing of this decision.

**AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE KURT G. GLASSCO, DISTRICT JUDGE**

**APPEARANCES AT TRIAL**

ALLEN M. SMALLWOOD
ATTORNEY AT LAW
1310 S. DENVER AVE.
TULSA, OK 74119
COUNSEL FOR DEFENDANT

SARAH McAMIS
ASSISTANT DISTRICT ATTORNEY
500 S. DENVER AVE., #900
TULSA, OK 74103
COUNSEL FOR STATE

**APPEARANCES ON APPEAL**

JAMES L. HANKINS
929 N.W. 164TH STREET
EDMOND, OK 73013
COUNSEL FOR APPELLANT

MIKE HUNTER
OKLAHOMA ATTORNEY
GENERAL
DONALD D. SELF
ASSISTANT ATTORNEY
GENERAL
313 N.E. 21ST STREET
OKLAHOMA CITY, OK 73105
COUNSEL FOR APPELLEE

**OPINION BY: ROWLAND, J.**
LUMPKIN, P.J.: Concur
LEWIS, V.P.J.: Concur
HUDSON, J.:   Concur
KUEHN, J.:    Concur

19