*ORIGINAL*

*1030599817*

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

STATE OF OKLAHOMA,

      Appellant,

    v.

ADAM CLAYTON ZILM,

      Appellee.

)
)
)
)
)
)
)
)
)

**NOT FOR PUBLICATION**

Case No. S-2014-812

**FILED**
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

AUG - 6 2015

MICHAEL S. RICHIE
CLERK

## O P I N I O N

**LUMPKIN, VICE-PRESIDING JUDGE:**

Appellee Adam Clayton Zilm was charged in the District Court of Tulsa County with Sexual Abuse of A Minor (21 O.S.2011, § 843.5F), Case No. CF-2012-3037. After a Preliminary Hearing held on November 6, 2013, and in preparation for trial, the Honorable Kurt Glassco, District Judge, scheduled a hearing on the Reliability of the Out-of-Court Statements of a Child under the Age of 12 years pursuant to 12 O.S.2011, § 2803.1.  This Reliability Hearing was conducted on September 9 & 12, 2014. The court ruled that the hearsay statements made by the child victim K.A. to forensic interviewer Amy Howard and to neighbor Katherine Sanford lacked sufficient indicia of reliability and would be suppressed. The State announced its intent to appeal in open court and brings this appeal pursuant to 22 O.S.2011, §§ 1053(4) & 1053(5). The State raises the following proposition of error:

    I.    The District Court erred when finding that the child hearsay statements should be suppressed and denied.

Initially, the State asserts that by ruling the hearsay statements would not be admissible, the trial court suppressed a substantial part of the State's proof of the pending charge and as a result substantially impaired and restricted the State's ability to prosecute the case.

Title 22 O.S. 2011, § 1053 provides, in part, that the State may appeal:

> Upon a pretrial order, decision, or judgment suppressing or excluding evidence where appellate review of the issue would be in the best interests of justice.

We find that the State's appeal is proper and review of this issue is in the best interests of justice. *State v. Pope*, 2009 OK CR 9, ¶¶ 2-3, 204 P.3d 1285, 1286-87. We review a trial court's ruling on a suppression motion for an abuse of discretion. *Id.,* 2009 OK CR 9, ¶ 4, 204 P.3d at 1287.  An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. *Id. State v. Delso*, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1194.

Testifying in the Reliability Hearing in this case were forensic interviewer Amy Howard and Katherine Sanford, a neighbor of the victim K.A. They both testified to statements describing sexual abuse made by the victim K.A. within twenty-fours of the alleged abuse. Also testifying was K.A.  She testified to statements inconsistent with the proffered hearsay.  She testified that there had been no abuse, that she had had a nightmare about a previous molestation, that she had been told what to say in the forensic interview, and

that as early as a week after the reported abuse until the Reliability Hearing she had repeatedly tried to tell those in authority it was all a mistake.

The State argues on appeal that the trial court should not have allowed the child victim to testify at the Reliability Hearing and that the trial court should not have considered statements made by the victim subsequent to the proffered hearsay statements. The State asserts that 21 O.S.2011, § 2803.1 does not suggest or imply that a single proffered statement should be compared to any other statements made by the same child nor does the statute provide that any subsequent statements of the child should be considered. The State contends the statute repeatedly refers to the trial court's review of each separate and singular statement and that the court is limited to considering the "four corners" of the proffered statement. Appellee argues to the contrary that the statute provides that in considering the time, content and totality of circumstances surrounding the taking of the proffered statement, the court can consider statements made subsequent to the proffered statement.

Initially, we find that the trial court did not abuse its discretion in permitting the child victim to testify at the Reliability Hearing. Under the circumstances of this case, the determination of the reliability of the hearsay statements required it. *See F.D.W. v. State,* 2003 OK CR 23, ¶5, 80 P.3d 503, 504 ("[i]n some cases, the determination of reliability may require that the child witness testify, or that a separate hearing with the court be conducted").

Turning to 12 O.S.2011, § 2803.1, the statute provides in pertinent part:

A. A statement made by a child who has not attained thirteen (13) years of age, . . . which describes any act of physical abuse against

3

the child . . . or any act of sexual contact performed with or on the child . . . is admissible in criminal and juvenile proceedings in the courts in this state if:

1. The court finds, in a hearing conducted outside the presence of the jury, that the time, content and totality of circumstances surrounding the taking of the statement provide sufficient indicia of reliability so as to render it inherently trustworthy. In determining such trustworthiness, the court may consider, among other things, the following factors: the spontaneity and consistent repetition of the statement, the mental state of the declarant, whether the terminology used is unexpected of a child of similar age or of an incapacitated person, and whether a lack of motive to fabricate exists;  . .

This Court has not previously addressed the State's claim that the court is limited to the "four corners" of the child hearsay statement in making its reliability determination. Instead, the Court has repeatedly referred to the trial court's consideration of the "totality of the circumstances surrounding the taking of the statement" and that the various factors listed in the statute are not the only factors that can be considered in making the fundamental reliability/trustworthiness determination. *See State v. Juarez*, 2013 OK CR 6, ¶ 9, 299 P.3d 870, 873;  *F.D.W.,* 2003 OK CR 23, ¶3, 80 P.3d at 503-504.

The State directs us to *Davenport v. State*, 1991 OK CR 14, 806 P.2d 655 to argue that the trial court should have allowed the proffered child hearsay statements to go to the jury, along with any inconsistent testimony and subsequent recantations. We find *Davenport* is distinguishable from the present case in that the issue before us is the admissibility of the child hearsay statements, not the weight and credibility of those statements.

Section 2803.1 is a specific exception to the general hearsay rule. If the criteria of the section are met and the hearsay statement is found sufficiently

4

trustworthy it is admissible if the child either testifies, is available to testify pursuant to the provisions of 12 O.S. § 2611.2 or is unavailable pursuant to 12 O.S. § 2804. *Folks v. State*, 2008 OK CR 29, ¶ 10, 207 P.3d 379, 382. Looking to the language of the statute it provides that the court may consider "the time, content and totality of circumstances surrounding the taking of the statement" in determining the reliability and trustworthiness of the hearsay statement. This "totality of circumstances" includes but is not limited to the spontaneity and consistent repetition of the statement, the mental state of the declarant, whether the terminology used is unexpected of a child of similar age or of an incapacitated person, and whether a lack of motive to fabricate exists. By not limiting the "totality of the circumstances" to the listed factors, the Legislature has allowed the trial court to consider any information properly before it at the time of making its reliability determination which relates to the trustworthiness of the hearsay statement.

In the present case, the child victim's testimony at the Reliability Hearing was inconsistent with the hearsay statements offered by Amy Howard and Katherine Sanford. The trial court did not abuse its discretion in considering K.A.'s sworn testimony and in suppressing the proffered hearsay statements on the basis that they lacked sufficient indicia of reliability so as to render them inherently trustworthy.

After thorough consideration of this proposition of error and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we find the District Court did not abuse its discretion in

5

suppressing the hearsay statements. The order of the District Court sustaining the motion to suppress should be affirmed.

## DECISION

**The ruling of the District Court granting the motion to suppress is AFFIRMED.**[1] Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2015), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE KURT G. GLASSCO, DISTRICT JUDGE

**APPEARANCES IN DISTRICT COURT**    **APPEARANCES ON APPEAL**

| | |
|---|---|
| TIM HARRIS | TIM HARRIS |
| DISTRICT ATTORNEY | DISTRICT ATTORNEY |
| SARAH MCAMIS | SARAH MCAMIS |
| ASSISTANT DISTRICT ATTORNEY | ASSISTANT DISTRICT ATTORNEY |
| 500 S. DENVER | 500 S. DENVER, STE. 900 |
| TULSA COUNTY COURTHOUSE | TULSA COUNTY COURTHOUSE |
| TULSA, OK  74013 | TULSA, OK  74013 |
| COUNSEL FOR THE STATE | COUNSEL FOR APPELLANT |
| | |
| ALLEN M. SMALLWOOD | ALLEN M. SMALLWOOD |
| 1310 SOUTH DENVER AVE. | 1310 SOUTH DENVER AVE. |
| TULSA, OK  741192 | TULSA, OK  74119 |
| COUNSEL FOR THE DEFENSE | COUNSEL FOR APPELLEE |

**OPINION BY: LUMPKIN, V.P.J.**
SMITH, P.J.: CONCUR
JOHNSON, J.: CONCUR
LEWIS, J.: DISSENT
HUDSON, J.: CONCUR

RA

---

[1] The Appellee's Motion to File Amended Response Brief and Request to File Supplemental Exhibit to Brief are GRANTED.

6

**LEWIS, J., DISSENTING:**

I respectfully dissent to the Court's Opinion in this case. The "time, content and totality of circumstances" surrounding the taking of the two statements at issue here provide sufficient indicia of reliability so as to render them inherently trustworthy pursuant to 12 O.S.2011, § 2803.1.[1]

The trial court abused its discretion by placing undue emphasis on the victim's later recantation, which, in my opinion, has no bearing on the admissibility of the earlier statements. The later recantation does not fall within the "totality of the circumstances surrounding the taking of the statements," as the recantation came at a later time during which the victim may have been under improper influence to change her story. *See Mitchell v. State,* 2005 OK CR 15, ¶ 36, 120 P.3d 1196, 1207 ("circumstantial guarantees of trustworthiness that support admission of hearsay . . . are those which existed at the time the statement was made . . . .") The earlier statements are just as inherently trustworthy as the victim's sworn testimony at the reliability hearing and are admissible. Any question as to the weight of the conflicting statements should be left to the fact-finder during a trial on the merits.

---

[1] Although not fully developed, it is possible that the first statement made to the neighbor Katherine Sanford was an excited utterance under our reasoning in *Marquez v. State,* 1995 OK CR 17, 890 P.2d 980.