## IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

SCOTT ALLEN BOLDEN, )
                     ) **NOT FOR PUBLICATION**
        Appellant, )
      v. ) Case No. F-2015-1112
                     )
STATE OF OKLAHOMA )
                     )
        Appellee. )

**FILED**
**IN COURT OF CRIMINAL APPEALS**
**STATE OF OKLAHOMA**

MAR 24 2017

MICHAEL S. RICHIE
CLERK

### S U M M A R Y   O P I N I O N

**LUMPKIN, PRESIDING JUDGE:**

Appellant Scott Allen Bolden was tried by jury and convicted of First Degree Murder (Count I) (21 O.S.2011, § 701.7); and Child Abuse by Injury (Count II) (21 O.S.2011, § 843.5(A)) in the District Court of Tulsa County, Case No. CF-2013-2191. The jury recommended as punishment life imprisonment for each count and a five thousand dollar ($5,000.00) fine in Count I and a five hundred dollar ($500.00) fine in Count II. The trial court sentenced accordingly, ordering the sentences to run consecutively.[1] It is from this judgment and sentence that Appellant appeals.

Appellant raises the following propositions of error in support of his appeal:

> I.       Prosecutorial misconduct deprived Appellant of his rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and Art. II, §§ 7 & 20 of the Oklahoma Constitution.
>
> II.      The trial court abused its discretion by admitting irrelevant and highly prejudicial evidence of shaken baby syndrome,

---

[1] Appellant must serve 85% of his sentences in both counts before becoming eligible for consideration for parole. 21 O.S.2011, § 13.1.

which violated Appellant's rights to a fair trial and due process under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and Art. II, §§ 7 & 20 of the Oklahoma Constitution.

III.    The trial court's misinstruction violated Appellant's rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and Art. II, §§ 7 & 20 of the Oklahoma Constitution.

IV.    The trial court violated Appellant's right to confront adverse witnesses under the Sixth, and Fourteenth Amendments to the U.S. Constitution, and Art. II, § 20 of the Oklahoma Constitution.

V.    Appellant received ineffective assistance of counsel violating his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution and Art. II, § 20 of the Oklahoma Constitution.

VI.    The cumulative effect of all the errors deprived Appellant of a fair trial.

After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence no relief is warranted.

In Proposition I, Appellant contends that prosecutorial misconduct denied him a fair trial. Specifically, he complains about: 1) comments regarding the defense expert's witness fee; 2) testimony regarding Appellant's lack of remorse; 3) personally vouching for the credibility of state's witnesses; 4) speculation on facts beyond the scope of evidence; 5) courtroom theatrics; and 6) appealing to jurors' emotions.

It is well established that a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial. *Davis v. State,* 2011 OK CR 29,¶ 74, 268 P.3d 86, 128. In order for the remarks of the prosecuting attorney to constitute reversible error they must be flagrant and of such a nature as to be prejudicial to the defendant. *Id.* From a practical standpoint, every slight excess by the prosecutor does not require that a verdict be overturned and that a new trial be ordered. *Id.*

The majority of the prosecutor's conduct now challenged was not met with contemporaneous defense objections. Therefore, our review is for plain error only. *Malone v. State,* 2013 OK CR 1, ¶ 40, 293 P.3d 198, 211. Under the test set forth in *Simpson v. State,* 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d 690, 694, 699, 701 this Court determines whether the appellant has shown an actual error, which is plain or obvious, and which affects his or her substantial rights. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. *Id.  See Hogan v. State,* 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. *See also Jackson v. State,* 2016 OK CR 5, ¶ 4, 371 P.3d 1120, 1121; *Levering v. State,* 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395.

While we have found that a prosecutor may comment on the veracity of the defense expert witnesses and their testimony, *Duckett v. State,* 1995 OK CR 61, ¶ 23, 919 P.2d 7, 19, we have found it improper for the prosecutor to argue

3

that an expert was testifying a certain way only because he was being paid to do so. *See Martinez v. State*, 1999 OK CR 33, ¶ 47, 984 P.2d 813, 826. Looking at the challenged comments in context, the prosecutor's questioning of defense expert Dr. Wigren and prosecution expert Dr. Block were proper inquiries into their qualifications and possible bias, particularly as it related to their reasons for testifying and their fees. The prosecutor was within her legal bounds to test the credibility of the doctors' opinions, particularly where they had differing opinions. The prosecutor's questioning of the doctors did not constitute plain error as it did not affect Appellant's right to a fair trial. Regarding the prosecutor's comments in closing argument pertaining to the credibility of the defense expert, any inappropriate comments were not so prejudicial as to have denied Appellant a fair trial. *Id.*, 1999 OK CR 33, ¶ 48, 984 P.2d at 826.

We next consider Appellant's claim that the prosecutor improperly commented on the lack of remorse in the guise of demeanor testimony. Having thoroughly reviewed the challenged comments made during the examination of six witnesses, opening statement and closing argument, we find that only one instance drew an objection. In this instance, during the direct examination of the chief detective on the case, Detective Swanson, the prosecutor asked if at any time after the detective told Appellant that the decedent could die from her injuries, did Appellant express any remorse about her condition. Defense counsel raised an objection on the grounds of speculation. This objection was overruled and the witness was allowed to answer based on her own observations.

4

Appellant directs us to *Bell v. State,* 2007 OK CR 43, 172 P.3d 622  where we said that whether the defendant expressed remorse for the victims of her reckless driving was not relevant to any issue before the jury and that the prosecutor's questions, in the context of the trial, were misleading. This Court found the prosecutor's inquiry "irrelevant and potentially inflammatory, designed to appeal to jurors' emotions". *Id.,* 2007 OK CR 43, ¶ 8, 172 P.3d at 625. However, in *Webster v. State,* 2011 OK CR 14, ¶ 63, 252 P.3d 259, 276-77 this Court noted that the defendant's demeanor and discomfort during a police interview were probative of his involvement and consciousness of guilt.

Unlike *Bell,* the question to Detective Swanson was an isolated inquiry forming a minor part of the prosecutor's examination of the witness. The trial court did not abuse its discretion overruling the objection.

We review the remainder of the comments challenged for plain error. *See Hogan,* 2006 OK CR 19, ¶ 38, 139 P.3d at 923. We find no error and thus no plain error. The fact finder may consider all of the circumstances surrounding a defendant's words and deeds to determine if it is reasonable that an innocent person would have uttered them or performed them. The prosecutor's inquiries and comments on the lack of remorse were minor and when compared to the great weight of evidence against Appellant, not sufficient to warrant relief.

Regarding the claims of improper vouching, this Court has held that argument is impermissible vouching only if the jury could reasonably believe that the prosecutor professes a personal belief in the credibility of a witness either through explicit personal assurances of the witness's veracity or by implying that

5

information not presented to the jury supports the witness's testimony. *Hanson v. State*, 2009 OK CR 13, ¶ 31, 206 P.3d 1020, 1030  *citing to Warner v. State*, 2006 OK CR 40, ¶ 24, 144 P.3d 838, 860. The challenged comment actually drew an objection which was overruled. Reading the challenged comment in context, it was made in response to a comment made during the defense closing argument and it was based on testimony from the two doctors that they had worked the better part of their lives in the area of child abuse and child abuse prevention. As the evidence supported the comment, we find it was not improper. *Warner*, 2006 OK CR 40, ¶ 25, 144 P.3d at 861. Further, based upon the evidence in the case, any assurances by the prosecution did not determine the verdict.

Further, we find the prosecutor did not engage in speculation but argued the facts as presented at trial. Appellant was charged not only with first degree murder but also with child abuse by injury. Argument regarding the 21 bruises observed on the decedent and their possible causes was relevant in proving the child abuse by injury charge. The comments were well within the wide range of argument permitted in closing argument. *Sanchez v. State,* 2009 OK CR 31, ¶ 71, 223 P.3d 980, 1004.  Reviewing only for plain error, we find no error and thus no plain error.

Appellant next argues the prosecutor improperly demonstrated to the jury how the decedent's injuries occurred. There is nothing in the record indicating any improper physical actions of the prosecutor. As Appellant notes, no objections were raised to the prosecutor's alleged demonstrations, the court reporter did not make any notation in the record that the prosecutor made any

6

sort of physical movements demonstrating how the decedent was injured, nor did the judge comment on the record concerning the prosecutor's conduct. Appellant's reliance on a question from defense counsel to Detective Swanson is not sufficient to establish the prosecutor's conduct.  As we said in *Warner*, 2006 OK R 40, ¶ 186, 144 P.3d at 889-90, "[t]here is nothing in the record concerning the prosecutor's actions except defense counsel's after the fact assertion. Counsel's failure to timely object and raise the issue before the trial court has left this Court with an insufficient record to review on appeal."

In the absence of any record, Appellant supports his argument two ways. First, he relies on affidavits contained in his application to supplement the record and a 3.11 motion for an evidentiary hearing on Sixth Amendment grounds filed contemporaneously with his appellate brief. However, those affidavits are not a part of the record at this point as supplementation of the record is permitted only upon filing of a motion for new trial (which Appellant has not done) and in support of an allegation of ineffective assistance of counsel. Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017). Appellant's attempt to support a claim of prosecutorial misconduct with Rule 3.11 materials is not permissible. To the extent these affidavits are relevant to the 3.11 Motion, we will address them in Proposition V.

Appellant further cites to several portions of the prosecutor's closing argument, including comments previously challenged in this proposition, which he claims support his allegation of prosecutorial theatrics.  Appellant compares the prosecutor's words to those used in a previous unpublished case where the

prosecutor (the same assistant District Attorney as in the present case) improperly used a demonstrative aid to illustrate how the victim was injured. Any comparison with another case is inappropriate as a claim of prosecutorial misconduct cannot be substantiated by arguing that because the prosecutor was found to have used theatrics in one case, that she did it again in another case. Without any actual record of the prosecutor's conduct in this case, we refuse to find her conduct in this case improper based upon the record of a separate case. In the absence of any record of the prosecutor's alleged courtroom theatrics, we will not read her words as indicative of inappropriate conduct.

Appellant also seeks to have us find the prosecutor's conduct inappropriate and error by calling it a re-enactment of the crime. This Court has been reluctant to admit crime scene reenactments where they are posed with persons and things in various assumed situations, intended only to illustrate hypothetical situations. *Harris v. State,* 2000 OK CR 20, ¶ 10, 13 P.3d 489, 493. However, without any documentation of the prosecutor's physical actions, we cannot call them a re-enactment of the crime.  *See Stemple v. State,* 2000 OK CR 4, ¶ 47, 994 P.2d 61, 71.  In the absence of any record supporting the claim of "courtroom theatrics", this claim of error is waived.

Appellant's last claim of prosecutorial misconduct argues that the prosecutor appealed to the jury's emotions and sympathy. It is improper for prosecutors to ask jurors to have sympathy for victims. *Warner,* 2006 OK CR 40, ¶ 190, 144 P.3d at 890; *Jones v. State,* 1987 OK CR 103, ¶ 15, 738 P.2d 525, 529; *Tobler v. State,* 1984 OK CR 90, ¶ 16, 688 P.2d 350, 354.  "It is

clearly improper for a prosecutor to make arguments which tend to 'divert the jury from its duty to decide the case on the evidence.'" *Jones*, 1987 OK CR 103, ¶ 17, 738 P.2d at 530.

The only instance which drew an objection was the questioning of prosecution expert witness Dr. Wallace and her use of a demonstrative aid – slides – in describing Shaken Baby Syndrome (SBS). Defense counsel's objection was overruled. The record reflects that a pre-trial hearing was held on the defense's motion *in limine* to prevent use of the demonstrative aid. The motion was denied as the aid was found relevant and routinely admissible.   The demonstrative aid explained the mechanics of a severe brain injury to a baby. It did not illustrate or recreate the precise force involved or manner in which the force was inflicted upon the decedent in this case.   Appellant's objection was properly overruled.

Reviewing the remainder of the challenged comments for plain error, we find none.   The prosecutor's arguments were based upon the photos of the severely injured decedent and the experts' testimony regarding the cause and severity of those injuries.   While some of the comments verged on the emotional, they were based on the evidence and not sufficient to warrant a reversal of the conviction. This Court has recognized that "in the heat of argument, counsel do occasionally make remarks that are not justified by the testimony, and which are, or may be prejudicial to the accused." *Roberts v. State*, 1994 OK CR 1, ¶ 15, 868 P.2d 712, 718. "However, we are loathe to overturn a conviction on the basis of prosecutor's comments standing alone, 'for the statements or conduct must be

viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial.'" *Id.* We have thoroughly reviewed the closing argument in its entirety and all of Appellant's claims of prosecutorial misconduct. The challenged comments have been reviewed within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel. *See Mitchell v. State*, 2010 OK CR 14, ¶ 97, 235 P.3d 640, 661; *Simpson v. State*, 2010 OK CR 6, ¶ 26, 230 P.3d 888, 899. Given the strength of the State's evidence against Appellant, and the jury instruction not to let sympathy, sentiment or prejudice enter into their deliberations, we find that any inappropriate comments made in closing argument or in questioning witnesses did not deprive Appellant of a fair trial or affect the jury's assessment of punishment. There was no plain error here. This proposition is denied.

In Proposition II, we find the trial court did not abuse its discretion in admitting testimony of Shaken Baby Syndrome (SBS) and an accompanying demonstrative aid. *See Marshall v. State*, 2010 OK CR 8, ¶ 24, 232 P.3d 467, 474 (challenges to the admission of evidence are reviewed for abuse of discretion).

As Appellant's explanation for the decedent's injuries was not consistent with testimony from medical experts regarding the possible causes of those injuries, evidence of SBS was relevant for the jury's consideration in determining Appellant's guilt of the charges of first degree murder and child abuse. *See Postelle v. State*, 2011 OK CR 30, ¶ 31, 267 P.3d 114, 131; 12 O.S.2011, § 2401

(relevant evidence is evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence). While the evidence showed that the decedent did not sustain a neck injury, she did suffer a severe brain injury resulting in subdural and retinal hemorrhaging. Medical experts testified that the absence of a neck injury does not necessarily equate to the absence of SBS. Two pediatricians testified that the evidence showed that the decedent was the victim of abusive head trauma that involved a shaking mechanism as well as blunt force trauma. One of these experts, Dr. Wallace, in explaining SBS, used slides to illustrate what happens to a baby's brain when it is shaken.

Based upon the evidence of the decedent's injuries and manner of death, the testimony and demonstrative aid illustrating SBS was helpful in explaining possible causes of the decedent's brain injury. Further, contrary to Appellant's argument, this Court has previously found SBS sufficiently reliable to be presented to a jury. *See Day v. State*, 2013 OK CR 8, ¶ 7, 303 P.3d 291, 296. We find evidence of SBS was clearly not introduced solely for its emotional impact. It was relevant evidence, more probative than prejudicial on the possible causes of the decedent's injuries. The trial court did not abuse its discretion in admitting the evidence.

In Proposition III, Appellant contends the trial court erred in failing to *sua sponte* instruct the jury regarding re-enactments and alleged accomplice testimony. As Appellant did not request these instructions nor object to their absence, we review only for plain error. *Daniels v. State*, 2016 OK CR 2, ¶ 3, 369

11

P.3d 381, 383. We find no error and thus no plain error in the trial court's omission of an instruction on crime scene re-enactments. Dr. Wallace's use of the SBS demonstrative aid did not constitute a re-enactment of the crime in this case. The demonstrative aid, slides showing a gender neutral baby and what happens to a baby's head when it is shaken, was a general explanation of the mechanics of a severe brain injury on a baby. It was never claimed that the demonstrative aid illustrated what happened to the decedent in this case, nor was it promoted as illustrating or recreating the precise force involved or manner in which the force was inflicted upon the decedent. The use of the demonstrative did not constitute the re-enactment of the abuse inflicted on the decedent and the trial court did not err in failing to instruct the jury on crime re-enactments.

The trial court also did not err in failing to instruct the jury that Heidi Benjamin was an accomplice. The test used to determine whether a witness is an accomplice is whether he could be indicted for the offense for which the accused is being tried. *Bryson v. State*, 1994 OK CR 32, ¶ 38, 876 P.2d 240, 256. In pre-trial pleadings, the defense did not consider Benjamin an accomplice, arguing that she was not being held criminally liable for the offenses with which the defendant was charged. Under the evidence in this case, she could not have been charged with First Degree Murder and Child Abuse by Injury as was Appellant. There was no evidence that Benjamin actually inflicted any of the decedent's injuries. Neither Benjamin nor Appellant attributed any of the decedent's injuries to Benjamin. She was appropriately charged with permitting child abuse and child neglect for allowing Appellant to treat the decedent in a

12

manner which she herself admitted was too rough and abusive. As she was not an accomplice to the crimes of First Degree Murder and Child Abuse by Injury, the trial court did not err in failing to *sua sponte* instruct on accomplice liability. Finding no error in the court's omission of the above two discussed instructions, we find no plain error.

In Proposition IV, Appellant challenges the court's ruling on a motion *in limine* limiting the cross-examination of Heidi Benjamin regarding her history with the Missouri Department of Social Services pertaining to her care of the decedent. The prosecutor argued she had no problem with defense counsel cross-examining on official findings or substantiated complaints from the Missouri Dept. of Social Services. However, the prosecutor sought to limit inquiry into the investigations which resulted in no findings or were unsubstantiated. The trial court ruled that the defense could cross-examine into referrals that were substantiated and inquiry into unsubstantiated referrals was precluded.

Before the trial court and now on appeal, Appellant argues that he should have been allowed to inquire about an allegation in the Missouri files involving Benjamin shaking the decedent even though it was found to be unsubstantiated. Appellant asserts the prior allegation of shaking was relevant to establish a defense and for purposes of impeaching Benjamin's testimony based on bias and prejudice.

A ruling on a motion *in limine* is merely advisory and not conclusive. *Short v. State*, 1999 OK CR 15, ¶ 65, 980 P.2d 1081, 1102-03. To properly preserve the issue contained in such a motion, the proposition must be introduced at trial,

and if overruled, objections should occur at that time. *Id.* Appellant's failure to raise the issue during Benjamin's testimony or ask her any questions about her involvement with the Missouri Dept. of Social Services waives all but plain error review. *Id.*

Exposure of a witness's motive to testify is a proper and important function of cross-examination. *Livingston v. State,* 1995 OK CR 68, 907 P.2d 1088, 1092-93. Bias is never collateral and the right to impeach for bias is construed liberally; a witness may be cross-examined on any matter tending to show bias or prejudice. *Id.* Here, there was never any indication or allegation that Benjamin caused the decedent's fatal injury.

An unsubstantiated and dismissed claim that Benjamin shook the decedent months before her death was not relevant to her bias against Appellant or a motive to lie regarding whether the last injury inflicted upon the decedent was accidental or purposeful. We find no error, and thus no plain error in the trial court's limitation on the cross-examination of Benjamin.

Next, Appellant continues his challenge to the SBS demonstrative aid calling it inadmissible testimonial hearsay. Appellant advances a page long discussion of testimonial hearsay as addressed in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) and *Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). It is very clear from the record that the demonstrative aid used by the prosecution did not refer to or illustrate the actual injuries to the decedent in this case. The slides, showing how a gender neutral baby's brain reacts to force, do not have the

14

characteristics of testimonial evidence addressed in *Crawford* and *Melendez-Diaz.*

This finding makes Appellant's arguments of inadmissibility due to the absence

of a finding of the indicia of reliability of the demonstrative aid and because the

aid was created by an unnamed forensic pathologist who was not shown to be

unavailable to testify moot. These concerns are only relevant if the evidence is

found to be testimonial hearsay. The trial court did not abuse its discretion in

admitting the SBS demonstrative aid. *See Marshall,* 2010 OK CR 8, ¶ 24, 232

P.3d at 474.

In Proposition V, Appellant contends he was denied the effective assistance

of counsel by: 1) counsel's failure to object to the instances of prosecutorial

misconduct raised in Proposition I; and 2) the failure to request or object to the

lack of jury instructions that the SBS demonstrative aid was a re-enactment and

that Heidi Benjamin was an accomplice as raised in Proposition III.

This Court reviews ineffective assistance of counsel claims under the

two-part test mandated by the United States Supreme Court in *Strickland v.*

*Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

*Malone v. State,* 2013 OK CR 1, ¶ 14, 293 P.3d 198, 206. The *Strickland* test

requires an appellant to show: (1) that counsel's performance was

constitutionally deficient; and (2) that counsel's deficient performance

prejudiced the defense. *Id.* Unless the appellant makes both showings, "it

cannot be said that the conviction ... resulted from a breakdown in the

adversary process that renders the result unreliable." *Id.*

The Court begins its analysis with the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.,* 2013 OK CR 1, ¶ 15, 293 P.3d at 206 *citing Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Appellant must overcome this presumption and demonstrate that counsel's representation was unreasonable under prevailing professional norms and that the challenged action could not be considered sound trial strategy. *Id.* This Court has stated that the issue is whether counsel exercised the skill, judgment and diligence of a reasonably competent defense attorney in light of his overall performance. *Id.,* 2013 OK CR ¶ 15, 293 P.3d at 206-207.

When a claim of ineffectiveness of counsel can be disposed of on the ground of lack of prejudice, that course should be followed. *Id.,* 2013 OK CR 1, ¶ 16, 293 P.3d at 207 *citing Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069. To demonstrate prejudice an appellant must show that there is a reasonable probability that the outcome of the trial would have been different but for counsel's unprofessional errors. *Id.* "'The likelihood of a different result must be substantial, not just conceivable.'" *Id. quoting Harrington v. Richter,* 562 U.S. 86, 112, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011).

In Proposition I, we thoroughly reviewed Appellant's claims of prosecutorial misconduct. While the majority of the claims were reviewed for plain error, we found no errors, plain or otherwise warranting relief. Any objections by defense counsel would have been denied. We will not find counsel ineffective for failing to raise objections which would have been overruled. *Eizember v. State,* 2007 OK CR 29, ¶ 155, 164 P.3d 208, 244.

Appellant further finds counsel ineffective for failing to request or object to the absence of instructions that the SBS demonstrative aid was a crime scene re-enactment and the accomplice liability of Heidi Benjamin. These specific allegations of error were raised and addressed in Proposition III. There we found the use of the demonstrative aid was not a re-enactment and Heidi Benjamin was not an accomplice. Any objections to the contrary or request for instructions on those issues would have been denied.

Having thoroughly reviewed the claims of ineffective assistance of counsel, we find Appellant has failed to overcome the presumption that counsel's representation was reasonable under prevailing professional norms. Accordingly, we find that Appellant was not denied the effective assistance of counsel and this proposition of error is denied.

Tendered for filing contemporaneously with the appellate brief is *Appellant's Application to Supplement Appeal Record or in the Alternative Request for Evidentiary Hearing Pursuant to Rule 3.11(A) and/or on Claims of Ineffective Assistance of Counsel.*

Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016) allows an appellant to request an evidentiary hearing when it is alleged on appeal that trial counsel was ineffective for failing to utilize available evidence which could have been made available during the course of trial. *Warner*, 2006 OK CR 40, ¶ 207, 144 P.3d at 893. Once an application has been properly submitted along with supporting affidavits, this Court reviews the application to see if it contains sufficient evidence to show

this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence. *Id. See also Grissom v. State,* 2011 OK CR 3, ¶ 80, 253 P.3d 969, 995; *Simpson v. State,* 2010 OK CR 6, ¶ 53, 230 P.3d 888, 905-906.

Appellant first asserts that trial counsel was ineffective for failing to object to the prosecutor's "courtroom theatrics" addressed in Proposition I.  To support this claim, Appellant includes Exhibit B, a signed affidavit from trial counsel, that during closing argument the prosecutor offered the story of the decedent's final moments before going unconscious. He asserts the prosecutor screamed "shut up" as she made a shaking action with her hands, that she discussed punching and kicking the decedent and made those actions by punching the air and kicking the floor. He argues there was no evidence to support those actions. He also states that in questioning Detective Swanson, the prosecutor asked about proving that a baby had been kicked, punched or slammed and as she did so, she kicked the floor, punched the air and slammed an imaginary object to the floor.  Again, counsel states there was no evidence to support the prosecutor's actions.

Appellant also includes Exhibit C, a signed affidavit from Brenda Bolden, Appellant's mother. She states in part that she remembered seeing the prosecutor in closing argument shake her fists in the air and kick the air while explaining how the decedent was injured. Ms. Bolden also states she remembered the prosecutor throwing a book on the floor, claiming it was the sound of the decedent's head slamming onto the floor, and the prosecutor

shaking papers in the air and yelling "shut up" in explaining what Appellant did to the decedent.

As we stated in Proposition I, none of this conduct attributed to the prosecutor is reflected in the record. Therefore, we found the claim of prosecutorial misconduct waived for lack of a record to review.

Now in the 3.11 Motion, we must consider the attached affidavits. In his affidavit, defense counsel states the evidence did not support the prosecutor kicking the floor, shaking her fists or punching the air.

The medical evidence showed that the decedent had 21 bruises on her body as well as a bruise to the back of the head and a severe brain injury. Several of the first responders testified to the numerous bruises on the decedent's body and that she was unconscious when they arrived. Dr. Groves, one of the treating physicians at St. Francis Hospital, testified that the decedent had multiple areas of bruising all over her body. This was in addition to a severe brain injury, requiring immediate surgery by a neurosurgeon upon presentation at the hospital, and multiple retinal hemorrhages in her eyes. Dr. Groves testified that the retinal hemorrhages were not consistent with the normal play that a child would have with a caregiver and were not consistent with a fall from several feet onto a couch or any other surface. Dr. Groves testified that the "constellation of findings of severe subdural hemorrhage and extensive retinal hemorrhage with a loss of consciousness is extremely suggestive of a nonaccidental trauma, abuse head trauma mechanism."

Dr. John, the Medical Examiner, testified that in performing the autopsy on the decedent he observed a "subdural hemorrhage, subarachnoid hemorrhage, retinal hemorrhages" as well as "multiple contusions on the body." He described bruises of varying colors found all over the decedent's body and head. Dr. John determined the decedent's cause of death to be complications following blunt force injury to the head.

Detective Swanson testified that due to "the totality of the injuries, the numerous bruises, the severe head injury, ultimate death of her, and the excuses I'd been given, I believed that it was child abuse, that it was nonaccidental trauma."

Dr. Block, the president of the American Academy of Pediatrics, testified that there were no alternative explanations other than rotation, shaking, impact kind of forces that are significant and serious in nature in order to create the decedent's brain injury. Dr. Wallace, one of the decedent's treating pediatricians and an expert in child abuse and neglect pediatrics, testified that the evidence showed the decedent was the victim of abusive head trauma that involved a shaking mechanism as well as blunt force trauma.

This Court has previously upheld demonstrations that are based on the evidence presented at trial and not theatrical demonstrations. *Jones v. State*, 2006 OK CR 5, ¶ 75, 128 P.3d 521, 544-45; *Gilbert v. State*, 1997 OK CR 71, ¶ 94-95, 951 P.2d 98, 121. This Court has found the prosecutor pointing his finger to illustrate a shooting (*Jones*, 2006 OK CR 5, ¶ 75, 128 P.3d 521); swinging a baseball bat and hitting the floor several times (*Alverson v. State*,

1999 OK CR 21, ¶ 41, 983 P.2d 498, 513) and dry firing a gun (*Ellis v. State*, 1992 OK CR 45, ¶ 12, 867 P.2d 1289, 1297) to be theatrical or overly graphic but within the wide range or argument permitted in closing argument and not sufficient to warrant relief.

Based upon the testimony in the record before us, if the prosecutor did shake her fists, kick the floor or punch the air or drop a book on the floor in an attempt to explain how the decedent was injured, we find nothing in that conduct so improper that the absence of any objections by defense counsel rendered counsel's performance ineffective. Such actions would have been reasonable inferences on the evidence so that any objection by defense counsel would have been overruled. And even if an objection was not overruled, such conduct by the prosecutor was not sufficient to warrant relief as it was within the wide latitude permitted in closing argument. Any omission by defense counsel did not prejudice Appellant so as to deny him a fair trial. Appellant has failed to show by clear and convincing evidence a strong possibility that defense counsel was ineffective for failing to object to any alleged courtroom theatrics on the part of the prosecutor.

Appellant next refers us to Proposition IV where he argued the trial court improperly limited his right to cross-examine Benjamin about a complaint filed with the Missouri Dept. of Social Services that she shook the decedent on a previous occasion. To support his claim for an evidentiary hearing, he includes Exhibit A, an affidavit from Laura Giblin, an OIDS investigator. Ms. Giblin states in part that she verified that trial counsel had in his trial files a letter from the

Missouri Dept. of Social Services, indicating that Benjamin had been the subject of investigations by the Missouri Dept. of Social Services. Appellant also includes a copy of that letter which states in part that on August 5, 2012, the Dept. of Social Services received an investigation alleging that Benjamin had shaken the decedent and that the conclusion was unsubstantiated. The letter goes on to say that the Social Services worker reported that she had received paperwork from a physician stating that there was no evidence of shaken baby.

While we do not have an affidavit from trial counsel stating he had the letter in his file, the affidavit and attachments to the Rule 3.11 motion indicate he had the letter in his possession. However, appellate counsel does not assert that trial counsel was ineffective for failing to use the letter at trial, nor can he make such a claim. The record clearly shows counsel tried to get the information about the previous shaking allegation before the jury. And appellate counsel even recognizes these efforts in the 3.11 motion. Appellate counsel's argument merely repeats that raised in appellate brief – that Appellant was prejudiced by the trial court's limitation on his ability to cross-examine Benjamin on the investigation into the shaking allegation and requests supplementation of the record on appeal with the extra record exhibits included herein.

Appellate counsel has misconstrued the purpose of a 3.11 motion to remand for an evidentiary on Sixth Amendment grounds. He has made no claim of trial counsel's ineffectiveness on this issue. As such, he has failed to show by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize the information on the prior shaking allegation.

Having thoroughly reviewed Appellant's 3.11 Motion and accompanying affidavits, we find he has failed to show by clear and convincing evidence a strong possibility that defense counsel was ineffective for failing to investigate further and utilize the complained-of evidence.   We decline to grant Appellant's application for an evidentiary hearing on Sixth Amendment grounds. We also deny his motion to supplement the record.

In Proposition VI,  Appellant asserts that cumulative error warrants a new trial or a modification of his sentence. A cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. *Warner,* 2006 OK CR 40, ¶ 223, 144 P.3d at 896. However, when there have been numerous irregularities during the course of a trial that tend to prejudice the rights of the defendant, reversal will be required if the cumulative effect of all the errors is to deny the defendant a fair trial. *Id.* While certain errors did occur in this case, even considered together, they were not so egregious or numerous as to have denied Appellant a fair trial. Therefore, no new trial or modification of sentence is warranted.

### DECISION

The **JUDGMENTS** and **SENTENCES** are **AFFIRMED.** The **motion to Supplement the Record** and **Remand for Evidentiary hearing on Sixth Amendment grounds** is **DENIED.**[2]   Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2017), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE WILLIAM D. LaFORTUNE, DISTRICT JUDGE

---

[2] The Clerk of this Court is directed to return the motion to defense counsel and keep a copy for record keeping purposes. Rule 1.13(K), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2016)

| **APPEARANCES AT TRIAL** | **APPEARANCES ON APPEAL** |
|---|---|
| JOHN DUNN<br>M.J. DENMAN<br>616 SOUTH MAIN, STE. 206<br>TULSA, OK  74119<br>COUNSEL FOR DEFENDANT | RAYMOND E. DENECKE<br>P.O. BOX 926<br>NORMAN, OK   73070<br>COUNSEL FOR APPELLANT |
| TIM HARRIS<br>DISTRICT ATTORNEY<br>SARAH MCAMIS<br>MARK MORGAN<br>ASSISTANT DISTRICT ATTORNEYS<br>500 S. DENVER<br>TULSA, OK   74103<br>COUNSEL FOR THE STATE | E. SCOTT PRUITT<br>ATTORNEY GENERAL OF OKLAHOMA<br>WILLIAM R. HOLMES<br>ASSISTANT ATTORNEY GENERAL<br>313 N.E. 21ST ST.<br>OKLAHOMA CITY, OK   73105<br>COUNSEL FOR THE STATE |

OPINION BY:  LUMPKIN, P.J.
LEWIS, V.P.J. Concur in Result
JOHNSON, J.: Concur in Result
SMITH, J.: Concur in Result
HUDSON, J.: Concur

RA

**SMITH, JUDGE, CONCURRING IN RESULT:**

I continue to be concerned with prosecutors' tactics in closing argument. Counsel may argue reasonable inferences from the evidence, but when they make theatrical presentations, with only the slimmest connection to the established facts, they do so at their peril. Child-abuse murder trials may be inherently emotional proceedings, but counsel should nevertheless maintain professionalism. I cannot condone the prosecutors' conduct in this case, but I agree that it did not contribute to the verdict or the sentence.