### IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

EMORY NORRIS GAINES,

    Appellant,

v.

THE STATE OF OKLAHOMA,

    Appellee.

**NOT FOR PUBLICATION**

Case No. F-2011-876

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

SEP 12 2012

MICHAEL S. RICHIE
CLERK

### SUMMARY OPINION

**LEWIS, VICE-PRESIDING JUDGE:**

Emory Norris Gaines, Appellant, was tried by jury and found guilty of Count 1, child abuse, in violation of 21 O.S.Supp.2009, § 843.5(A); and Count 3, child neglect, in violation of 21 O.S.Supp.2009, § 843.5(C); in the District Court of Tulsa County, Case No. CF-2010-244. The jury found Appellant committed these crimes after former conviction of one (1) felony, and sentenced Appellant to fifteen (15) years imprisonment in Count 1, and thirty (30) years imprisonment in Count 3.[1] The Honorable Kurt G. Glassco, District Judge, pronounced judgment and sentence accordingly. Mr. Gaines appeals the following propositions of error:

1. Improper evidence and unmistakable prosecutorial argument concerning probation and parole combined to deprive Appellant of his right to a fair jury sentencing trial under the 14th Amendment to the United States Constitution and Art. II, § 7, of the Oklahoma Constitution;

---

[1] Appellant must serve 85% of his sentences before being eligible for consideration for parole. 21 O.S.Supp.2009, § 13.1(14).

2. The trial court abused its discretion in admitting Spechelle Jones sentencing letter, an error compounded by improper prosecutorial argument seeking sympathy for and contrasting the character of Jones vis-à-vis Appellant, in violation of Appellant's rights to a fair sentencing trial under the 14th Amendment to the United States Constitution and Art. II, § 7, of the Oklahoma Constitution;

3. Victim impact evidence and argument intentionally evoking sympathy and justice for the victim, in combination with needless duplication of and argument emphasizing inflammatory photographs of the victim, violated Appellant's rights to a fair sentencing trial under the 14th Amendment to the United States Constitution and Art. II, § 7, of the Oklahoma Constitution;

4. Cumulative error deprived Appellant of a fair sentencing trial in violation of the 14th Amendment to the United States Constitution and Art. II, § 7, of the Oklahoma Constitution.

In Proposition One, Appellant argues that improper evidence of suspended sentences on his prior convictions, and the prosecutor's related arguments,[2] denied him a fair sentencing trial. By failing to object to the admission of these documents or the prosecutor's comments on the grounds he asserts on appeal, Appellant waived all but plain error, which is error "going to

---

[2] Appellant includes within this single proposition of error claims that the judgments and sentences were improperly admitted, the prosecutor improperly argued about his prior suspended sentences in violation of *Hunter v. State*, 2009 OK CR 17, ¶ 9, 208 P.3d 931, 933, and erroneously mis-stated the "85% Rule" of 21 O.S.Supp.2009, § 13.1, in violation of *Florez v. State*, 2010 OK CR 21, ¶¶ 6-9, 239 P.3d 156, 158-59. This type of proposition arguably violates this Court's Rule 3.5(A)(5), providing that "[e]ach proposition of error shall be set out separately in the brief," and [m]erely mentioning a possible issue in an argument or citation to authority does not constitute the raising of a proposition of error on appeal." Failure to comply with this rule can result in waiver of an issue on appeal. The issues here are waived in any event and will be reviewed only for plain error.

2

the foundation of the case or taking from the defendant a right essential to his defense." *Simpson v. State*, 1994 OK CR 40, ¶¶ 2, 12, 876 P.2d 690, 693, 695. We find the prosecutor made an obvious error during her closing argument at sentencing by emphasizing Appellant's prior suspended sentences, stating that he had received the "gift of probation," a "second chance," and "another shot" on prior convictions. We have condemned virtually indistinguishable statements as plain error. *Hunter*, 2009 OK CR 17, ¶¶ 8-9, 208 P.3d at 933. However, we find under the facts and circumstances of this case that these improper comments did not contribute to the sentences imposed, and the error is harmless. 20 O.S.2011, § 3001.1; *Taylor v. State*, 2011 OK CR 8, ¶ 54, 248 P.3d 362, 378 (plain error in sentencing argument is harmless unless it had substantial influence on outcome, or leaves the court in grave doubt whether it had such effect). Proposition One is denied.

In Proposition Two, Appellant argues that the trial court abused its discretion in the admission of a typewritten letter submitted by the co-defendant to the court at her sentencing, and that the prosecutor used the letter to unfairly prejudice his sentence.[3] Defense counsel objected to the letter at trial on different grounds than those asserted here, and has waived all but plain error. *Brown v. State*, 2008 OK CR 3, ¶ 11, 177 P.3d 577, 580. Because

---

[3] This evidence, and the allegedly prejudicial argument concerning the letter, occurred in the first stage of trial, but Appellant specifies "the unduly prejudicial effect of the admission and the State's use of the Jones' sentencing letter to the trial court was as to punishment."

the letter was properly admitted to rebut and explain testimony and arguments of the defense, neither the admission of the letter nor the prosecutor's subsequent comments on the evidence were plain error. *Van White v. State*, 1999 OK CR 10, ¶ 82, 990 P.2d 253, 274. This proposition is denied.

Appellant's Proposition Three argues that he was denied a fair sentencing by lay and expert "victim impact" testimony, the admission of duplicative photographs, and the prosecutor's improper attempts to evoke sympathy. Appellant objected to only six (6) photographs, waiving all but plain error to the remaining photographs. *Simpson*, 1994 OK CR 40, ¶ 2, 876 P.2d at 693. His failure to timely object to the testimony of the State's lay and expert witnesses on the grounds asserted here has waived all but plain error. *Id.* We find the admission of the challenged evidence and testimony was proper to show the element of injury, the likely degree of force involved, and the nature of the subsequent neglect. Appellant has not shown error, much less plain error. In the few instances where defense counsel objected to the prosecutor's arguments, his objections were either sustained, curing any error, or properly overruled. Again, Appellant has not shown that any error in evidence or argument had a substantial influence on his sentences. *Taylor*, 2011 OK CR 8, ¶ 55, 248 P.3d at 379 (evaluating alleged misconduct within context of entire trial, considering prosecutor's actions, strength of the evidence, and arguments of defense). Proposition Three is denied.

Proposition Four argues that cumulative error requires modification of the sentences. The cumulative error doctrine applies when several errors occurred at the trial court level, but none alone warrants reversal. Even if Appellant's trial was not error free, the errors, even when considered in the aggregate, did not render the trial fundamentally unfair, or taint the jury's verdicts or sentences. *Hanson v. State*, 2009 OK CR 13, ¶¶ 55-56, 206 P.3d 1020, 1035. This proposition is denied.

## DECISION

The Judgment and Sentence of the District Court of Tulsa County is **AFFIRMED**. Pursuant to Rule 3.15, Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2012), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

**AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY**
**THE HONORABLE KURT G. GLASSCO, DISTRICT JUDGE**

| APPEARANCES AT TRIAL | APPEARANCES ON APPEAL |
|---|---|
| BRIAN MARTIN<br>1331 S. DENVER<br>TULSA, OK 74119<br>ATTORNEYS FOR DEFENDANT | TERRY J. HULL<br>OKLA. INDIGENT DEFENSE SYSTEM<br>P.O. BOX 926<br>NORMAN, OK 73070-0926<br>ATTORNEY FOR APPELLANT |
| SARAH McAMIS<br>ASST. DISTRICT ATTORNEY<br>500 S. DENVER<br>TULSA, OK 74103<br>ATTORNEY FOR THE STATE | E. SCOTT PRUITT<br>ATTORNEY GENERAL OF OKLAHOMA<br>DONALD D. SELF<br>ASSISTANT ATTORNEY GENERAL<br>313 N.E. 21st ST.<br>OKLAHOMA CITY, OK 73105<br>ATTORNEYS FOR APPELLEE |

OPINION BY LEWIS, V.P.J.
A. JOHNSON, P.J.:  Concurs
LUMPKIN, J.:  Concurs
C. JOHNSON, J.:  Concurs
SMITH, J.:  Concurs